# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JAWANN SHAUNTEZ HAYES,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00426 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **WYTHEVILLE POLICE DEPT.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Jawaan Shauntez Hayes, Pro Se Plaintiff.*

The plaintiff, Jawaan Shauntez Hayes, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Hayes alleges that on July 12, 2018, Wytheville police officers arrested him for a criminal offense related to a rental van. Hayes has applied to proceed in forma pauperis in this action, pursuant to 28 U.S.C. § 1915(b), and I will grant that application.[1] Upon review of the record, however, I conclude that the action must be summarily dismissed as time barred under the applicable statute of limitations.

The precise sequence of events is difficult to decipher from Hayes's allegations. Liberally construing his Complaint, he alleges that he reserved a rental

---

[1] A prisoner litigant who is granted in forma pauperis under § 1915 must pay the full filing fee for the case but may do so through installment payments withheld from his inmate trust account. 28 U.S.C. § 1915(b).

van in Little Rock, Arkansas, but sent his wife and a female friend to pick up the vehicle and drive it to a hotel in Virginia. Hayes claims that his wife then gave him the keys and rental paperwork for the van, and he drove off in it. He alleges that the rental company employees in Little Rock and Wytheville made false reports to the Wytheville police, based on a report by the person who picked up the van that Hayes broke into her hotel room, stole the keys, and left in the van. As stated, Hayes alleges that on July 12, 2018, Wytheville Police arrested him. Wythe County Circuit Court records available online indicate that related to the arrest on July 12, 2018, Hayes pleaded guilty to unauthorized use of a vehicle. On February 7, 2019, the state court sentenced him to five years in prison, with four years and six months suspended.

Hayes signed and dated his § 1983 Complaint on July 15, 2022. In the heading of the Complaint, he names only the Wytheville Police Department as defendant.[2] As relief, he seeks monetary damages and "dismissal or reversal [of] actions cause[d] by this matter." Compl. 5, ECF No. 1.

---

[2] In the last paragraph of the Complaint, Hayes mentions other individuals and entities: the Wytheville arresting officers; a John Doe employee of the Little Rock Police Department; a Jane Doe employee of the rental company franchise; and "John Doe lawyer" who represented Hayes in the criminal case. Because Hayes did not specifically identify any of these parties as defendants to this case, I do not consider them as such. It is evident, however, that any actions these parties took, in relation to the July 2018 arrest and subsequent criminal sentence, occurred before the arrest or during the 2018-2019 criminal proceedings. Therefore, for reasons explained herein, Hayes's claims against them related to that arrest and criminal sentence are time barred.

Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *Owens v. Okure*, 488 U.S. 235, 239, 250 (1989). Such actions in Virginia must be commenced within two years from the date on which the claim accrues. Va. Code Ann. § 8.01-243(A). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). When the court finds it clear from the face of the Complaint that the plaintiff's claims are time barred and he filed his lawsuit *in forma pauperis*, the court may summarily dismiss the action as frivolous under § 1915(e)(2)(B). *Id.* at 956 (applying earlier version of 28 U.S.C. § 1915(d)).

I find it clear from Hayes's submissions that he has waited too long to file his § 1983 claims related to the July 12, 2018, arrest, and the 2019 criminal sentence. By the time the state court sentenced Hayes on February 7, 2019, for unauthorized use of a vehicle in July 2018, he knew of the alleged injuries caused to him by the Wytheville Police or any other party related to that sentence. Thus, I find that Hayes's § 1983 claims in this action accrued no later than February 7, 2019. Yet,

Hayes did not sign and date his Complaint until July 15, 2022,[3] more than three years and five months after his claims accrued. Thus, his claims are time barred under section 8.01-243(A). Accordingly, I will dismiss this action under § 1915(e)(2)(B)(i) as frivolous.

An appropriate Final Order will enter this day.

DATED: October 21, 2022

/s/ JAMES P. JONES
Senior United States District Judge

---

[3] An inmate's § 1983 action is commenced for purposes of the statute of limitations when he delivers his complaint to prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991). For purposes of this Opinion, I will assume that Hayes delivered his Complaint to prison authorities for mailing on the same day when he signed and dated it.